28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. BURCHETT, Plaintiff-Appellant,
v.
Roger WEBB, Floyd County Jailer Elect, Defendant-Appellee.
 No. 93-6603.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1994.
 
 1
 Before: KENNEDY and JONES, Circuit Judges; and GRAHAM, District Judge.*
 
 ORDER
 
 2
 William A. Burchett, a pro se federal prisoner presently incarcerated at the Federal Correctional Institution in Manchester, Kentucky, appeals a district court judgment dismissing, as frivolous, his civil rights complaint filed under 42 U.S.C. Sec. 1983. Additionally, he requests the appointment of counsel and has filed a motion for a default judgment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint and amended complaint, Burchett alleged that from 1985 to 1991, he was employed by the defendant, Roger Webb, as a scout to assist the defendant in being elected to public office in Floyd County, Kentucky. Burchett was to become Webb's campaign manager. Webb is now the Floyd County jailer. According to Burchett, Webb's campaign required a substantial sum of money. Burchett claimed that his life and the lives of his family members were threatened by Webb campaign backers to an extent that Burchett was directed to and forced to rob a federally insured bank in order to procure the necessary campaign funds. Burchett alleged that he experienced extreme emotional distress as a result of his subsequent conviction on bank robbery charges. Burchett sought only damages.
 
 
 4
 The matter was referred to a magistrate judge who issued a report recommending that the complaint be dismissed, pursuant to 28 U.S.C. Sec. 1915(d), on the ground that it stated a cause of action solely under state law. Burchett objected, claiming that there is diversity of citizenship, damages pursuant to 28 U.S.C. Secs. 1331 and 1332, and violations under 42 U.S.C. Sec. 1985 as well as the Fifth and Fourteenth Amendments. He also moved to recuse District Court Judge Joseph M. Hood. After a de novo review of the report and recommendation, in light of Burchett's objections, the district court adopted the report and recommendation. The court alternatively held that even if the claims constituted a violation of Burchett's constitutional rights, the complaint was barred by the applicable statute of limitations. Lastly, the court denied Burchett's motion to recuse Judge Hood.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by dismissing the complaint as frivolous within the meaning of 28 U.S.C. Sec. 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). The complaint lacks an arguable basis in law for the reasons stated by the magistrate judge, as adopted by the district court. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990).
 
 
 6
 Upon further review, we conclude that the district court did not abuse its discretion in denying Burchett's motion to recuse. Wheeler v. Southland Corp., 875 F.2d 1246, 1251 (6th Cir.1989). There is nothing in this case to indicate that Judge Hood's impartiality can be reasonably questioned. Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir.), cert. denied, 498 U.S. 980 (1990); see also United States v. Dandy, 998 F.2d 1344, 1349 (6th Cir.1993), cert. denied, 114 S.Ct. 1188 (1994). Burchett's own characterization of a conflict of interest, without more, is insufficient to warrant a recusal. Sammons v. United States, 918 F.2d 592, 599 (6th Cir.1990); Browning v. Foltz, 837 F.2d 276, 279 (6th Cir.1988), cert. denied, 488 U.S. 1018 (1989).
 
 
 7
 Burchett's remaining claims on appeal are not properly before the court as they were not raised in the district court in the first instance and as no exceptional circumstances warrant addressing them now. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 8
 Accordingly, the request for counsel is denied, the motion for a default judgment is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, U.S. District Judge for the Southern District of Ohio, sitting by designation